HAND v. STATE.

Ohio Appeals, 3rd Dist., Crawford Co.

No. 1165. Decided Apr. 19, 1928.

Before Judges Crow, Hughes & Justice.

First Publication of This Opinion.

Syllabus by Editorial Staff.

1054. ROBBERY—313. Corporations.
1. Not necessary that individual, upon whom robbery has been perpetrated, shall have had actual physical contact with property stolen, in order to constitute robbery.
2. Property may be taken from the person of a corporation.

Error to Common Pleas.
Judgment affirmed.

O. W. Kennedy, Bucyrus, and Geo. C. Bryce, Toledo, for Hand.
Louis H. Kreiter and Edward J. Myers, Bucyrus, and Chester A. Meck, Toledo, for State.

FULL TEXT.

HUGHES, J.

The defendant was charged with, and convicted of, the crime of robbery perpetrated against The Commercial Savings Bank Company in Galion, Ohio.

The first error complained of is the overruling of defendant's motion to arrest the judgment, upon the grounds that the indictment did not charge a crime. This motion is predicated upon the theory that there cannot be a taking from the person of a corporation.

It has been held that a taking from the person of another, is accomplished even though the property may not be in physical contact with the individual. In some cases it has been held to be a taking, when the property was taken from his possession though in another room from which the individual then was in. So that it is not necessary that the individual upon whom a robbery has been perpetrated, shall have actual physical contact with the property stolen, in order to constitute a robbery.

The indictment in this case charges, in substance, that the defendant, by force and violence, unlawfully and forcibly did rob, steal, take and carry away, money which was the property of The Commercial Savings Bank Company, and which was then located in the banking house of the company and was then under the charge and control and in the possession of said company, the said company being operated and managed by agents, servants and employees who were then in charge of its business and were then operating and conducting said business when the defendant stole, took and carried away, said money, with the intent to rob and steal, and that he did it unlawfully and forcibly by the use of a pistol, putting to fear said agents, servants and employees of said banking company, and that it was against the will of the company.

This, we believe, is a sufficient charge under Section 12432, General Code, to constitute the crime of robbery and is sufficiently clear and specific to thoroughly inform the defendant on the charge against him for which he is brought to trial. Therefore the motion to quash was properly overruled.

We have carefully read the bill of exceptions and find no prejudicial error therein regarding the introduction or rejection of evidence, nor in the charge of the court.

The assertions that the prosecuting attorney made in his argument, not having testified himself, might be subject to criticism, but in the face of the entire record, we are unable to say that his conduct was prejudicial error.

The verdict is amply supported by the evidence and the judgment is therefore affirmed.